529 So.2d 1181 (1988)
Chester RAY, As Personal Representative of the Estate of Robena L. Ray, Deceased; and Chester Ray, Individually, Appellant,
v.
FIFTH TRANSOCEANIC SHIPPING CO., LTD., d/b/a Chandris Lines/Chandris Cruises; Chandris, Inc.; Chandris, S.A.; and Travel Fantasy, Inc., d/b/a Fantasy Cruises, Appellees.
No. 87-2357.
District Court of Appeal of Florida, Second District.
July 13, 1988.
Rehearing Denied August 25, 1988.
*1182 Judy Dale Shapiro and Jeffrey B. Shapiro of Herzfeld & Rubin, Miami, for appellant.
David J. Horr and Jonathan W. Skipp of Mitchell, Harris, Horr & Associates, P.A., Miami, for appellees.
THREADGILL, Judge.
Chester Ray, as personal representative of the estate of Robena L. Ray, deceased and Chester Ray, individually challenges the trial court's dismissal with prejudice of his third amended complaint on his own and his deceased wife's behalf. We agree with appellant that the trial court erred in dismissing the personal representative's claim and in dismissing the breach of contract and negligent misrepresentation counts of the third amended complaint. Therefore, we reverse these findings. We affirm however, the trial court's finding that the Death on the High Seas Act (DOHSA) applies to the claim of the personal representative and the court's dismissal of the counts alleging fraud.
Chester Ray and his wife, Robena Ray, were passengers on a cruise ship owned and operated by appellees. They boarded the ship in Puerto Rico and stopped in Guadeloupe. Appellees' agents advised the Rays that concerning tours or sight-seeing the island was "as safe as your home." Relying on this information the Rays left the ship for a sight-seeing tour of the island. Shortly after noon, while touring the island, a terrorist's bomb exploded, severely injuring Chester Ray and killing his wife.
Chester Ray, as personal representative of his wife's estate, as well as in his individual capacity, filed a third amended complaint against appellees which contained allegations against each defendant of negligence, breach of contract, fraud and negligent misrepresentation.
Appellees filed a motion to dismiss in which they argued that the damages sought by the Rays were governed exclusively by the Death on the High Seas Act, 46 U.S.C.App. § 762, et. seq. In addition, they moved to dismiss the claims based on breach of contract, fraud and negligent misrepresentation. After a hearing, the trial court dismissed the claim of the personal representative with prejudice as well as the counts of the complaint alleging breach of contract, fraud and negligent misrepresentation. The court also found that DOHSA applied to the decedent's claim.
Appellant argues that the Death on the High Seas Act does not apply to the present case. DOHSA allows recovery on behalf of any person whose death is caused by a wrongful act on the high seas, beyond the three-mile limit of the United States territorial waters. Appellant relies upon Moragne v. State Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339, (1970), where the United States Supreme Court held that federal maritime remedies for wrongful death could be applied to tortious deaths on state territorial waters. Because the issue concerned the application of federal maritime law to deaths in territorial waters, appellees argue it is inapplicable in this case where the alleged negligent act occurred on the high seas. The parties do agree, however, that the case is governed by maritime law. Thus, the only question presented is whether DOHSA or the courtfashioned maritime remedy for wrongful death in United States territorial waters articulated in Moragne applies.
Appellant seeks to construe the language in DOHSA as limiting the scope of the act to wrongful deaths occurring on the high *1183 seas, more than one league from shore. Because the injury and subsequent death occurred on shore, he contends DOHSA cannot provide the remedy for this claim. The cases which he cites, however, are inapposite because they address whether maritime law or a state wrongful death remedy applies.
Appellees maintain appellant's construction of DOHSA's jurisdiction is inaccurate. They point out that the act has been applied in numerous cases in which tortious acts committed in territorial waters of foreign countries resulted in deaths within the foreign territory. See e.g., Bodden v. American Offshore, Inc., 681 F.2d 319 (5th Cir.1982); Sanchez v. Loffland Brothers Co., 626 F.2d 1228 (5th Cir.1980). They claim the trial court correctly found that DOHSA was the exclusive remedy for this wrongful death claim which clearly arose outside of the United States territorial waters.
We agree with appellees and the trial court that DOHSA applies in this case. The allegedly negligent act on the part of the appellees took place aboard the ship before the Rays disembarked in Guadeloupe. Mrs. Ray's subsequent death on the island does not vitiate the Act's effect. Public Administrator of County of New York v. Angela Compania Naviera, 592 F.2d 58 (2d Cir.1979). Moyer v. Klosters Rederi, 645 F. Supp. 620 (S.D.Fla. 1986).
Both parties agree that the trial court erred in dismissing, with prejudice, the personal representative's claim for the wrongful death of Mrs. Ray and advocate that it be reinstated. Therefore, we reverse this dismissal and remand for reinstatement of that claim.
In addition, in light of DOHSA's application in this case, appellant is barred from seeking recovery under the Florida Wrongful Death Act. Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). State wrongful death statutes are preempted by DOHSA. As DOHSA only allows recovery for pecuniary damages, appellant cannot recover for nonpecuniary losses. Moyer.
Finally, we find the court erred in dismissing the counts of the complaint seeking recovery for breach of contract and negligent misrepresentation. Appellant should be allowed to plead claims that are viable under maritime law in the alternative. Carlisle v. Ulyssess Line, Ltd., 475 So.2d 248 (Fla. 3d DCA 1985). We affirm, however, the dismissal of the counts based on fraud for failure to state a cause of action.
Affirmed in part; reversed in part.
SCHEB, A.C.J., and SCHOONOVER, J., concur.