683 So.2d 513 (1996)
John ILGEN and Carol Ilgen, husband and wife, Appellants,
v.
HENDERSON PROPERTIES, INC., a Florida corporation; Frank M. Henderson, Jr.; and Arthur Rutenberg Homes, Inc., a Florida corporation, Appellees.
No. 95-00302.
District Court of Appeal of Florida, Second District.
Opinion filed April 10, 1996.
Rehearing Denied June 14, 1996.
*514 Herbert O. Brock, Jr. of Becker & Poliakoff, P.A., Clearwater, for Appellants.
Kenneth G. Turkel and V. Stephen Cohen of Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, for Appellee Arthur Rutenburg Homes, Inc.
QUINCE, Judge.
John and Carol Ilgen (the Ilgens) appeal an order granting appellee Arthur Rutenberg Homes, Inc.'s motion to dismiss certain counts of an amended complaint with prejudice. We reverse the dismissal of the apparent agency count and affirm the dismissal with prejudice of the agency count.
On or about August 1, 1991, the Ilgens contracted with appellee Henderson Properties, Inc. for construction of a new home. Appellee Arthur Rutenberg Homes, Inc. ("Rutenberg" or "Appellee") was the franchisor of Henderson Properties. On or about January 28, 1993, the Ilgens terminated Henderson Properties' services. Thereafter, litigation was commenced against Henderson Properties and Frank Henderson, Jr., asserting breach of contract, violation of building codes, and negligence; deceptive trade practices were alleged as to Henderson Properties only. Subsequently, a second amended complaint was filed adding Rutenberg as a named defendant, and alleging breach of contract under theories of apparent agency and agency.
The counts as to Rutenberg were subject to several motions to dismiss, and to third, fourth, and fifth amended complaints. Rutenberg's motion to dismiss with prejudice as to the fifth amended complaint was granted by order entered December 20, 1994.
In count XII of the fifth amended complaint (apparent agency), the Ilgens alleged that Rutenberg represented to the public and to them that Henderson Properties was part of Rutenberg and that the Ilgens and the public would find a high level of quality in the homes constructed by Henderson Properties; that Rutenberg entered into a course of conduct designed to lead the public and the Ilgens to believe that Henderson Properties was a part of Rutenberg; that Rutenberg's representations to the public and to the Ilgens included the fact that the contract was captioned with the name and logo of Rutenberg; that the contract states that the residence is to be "Contractor's Arthur Rutenberg custom home;" and that Rutenberg would control the performance of the work and the manner in which the work was done. The Ilgens further alleged that in reliance upon those representations, they entered into the contract to their detriment. In count XIII (agency), the Ilgens alleged that Rutenberg exercised control over Henderson Properties by the manner in which the work was to be performed and by the level of quality to be maintained in the construction of the home. No contract between Rutenberg and the Ilgens was pleaded nor attached to the fifth amended complaint.
Three elements are needed to establish an apparent agency: (1) a representation by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by the third party in reliance upon such representation. Mobil Oil Corp. v. Bransford, 648 So.2d 119, 121 (Fla.1995). In Mobil Oil, the supreme court held that logos or trademark symbols alone cannot create an apparent agency. Id. The court stated that franchisors may, however, enter into agency relationships with franchisees if the franchisor has directly or apparently participated in some substantial way in directing or managing acts of the franchisee, beyond the mere fact of providing contractual franchise support activities. Id. "In cases of alleged apparent agency, something must have happened to communicate to the plaintiff the idea that the franchisor is exercising substantial control." Id. at 121.
The contract between the Ilgens and Henderson Properties stated that the home was to be "Contractor's Arthur Rutenberg Custom home...." Rutenberg argues that Mobil Oil dictates that the contract's "boiler plate language is inconsequential." In effect, Rutenberg argues that the use of its name in a key section of the contract is the equivalent of the franchisee's use of Mobil Oil's trademarks and logos at a franchise location.
A key distinction between this case and Mobil Oil, however, is that in Mobil Oil no contract existed between the franchisee and the third party invoking the name of the purported agent in its key clause. The contract used by Henderson Properties was provided *515 by Rutenberg. Rutenberg acknowledges that the contract is a "Rutenberg form used by Henderson." It appears therefore, that the contract language is itself a representation sufficient to lead to reliance by a third party under Mobil Oil. The contract language "communicate[d] to the plaintiff the idea that the franchisor is exercising substantial control." 648 So.2d at 121. The present case involves more than the mere use of logos or trademarks at a franchise location.[1] Whether or not Rutenberg knew that Henderson was using its contracts in the manner asserted is not at issue at this point in the proceedings. Cf. Rooney v. Barnett Banks, Inc., 555 So.2d 884 (Fla. 2d DCA 1989).
Turning to count XIII, the actual agency claim, the elements essential to the existence of an actual agency relationship are: (1) acknowledgement by the principal that the agent will act for him; (2) the agent's acceptance of the undertaking; and (3) control by the principal over the actions of the agent. Goldschmidt v. Holman, 571 So.2d 422, 424 n. 5 (Fla.1990). The sufficiency of the allegations concerning the existence of an actual agency in this case hinges on whether the first element was adequately alleged, that the principal acknowledged that the agent would act for him. Because this element is not adequately alleged in count XIII, the trial court properly dismissed this count with prejudice.
Therefore, we reverse the dismissal of the count claiming an apparent agency relationship, and affirm the dismissal of the count claiming the existence of an actual agency relationship.
Affirmed in part and reversed in part.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Additional documents attached to the complaint include one entitled "ARTHUR RUTENBERG GOLD STANDARD, SETTING THE STANDARDS FOR QUALITY HOME CONSTRUCTION." This document states: "When you move into your new Arthur Rutenberg Home, you have a right to expect the home to be complete.... That's why we want to build your home to our Gold Standard." There is also a "DESIGN AGREEMENT." This document states among other things that: "All copyrighted Arther (sic) Rutenberg `PLANS' shall remain contractor's property."