Glenn **FOJTASEK**, Plaintiff,

v.

**NCL (BAHAMAS) LTD.**, Defendant.

Case No. 09–20581–CIV.

United States District Court,
S.D. Florida.

May 11, 2009.

John Heyward Hickey, Hickey Law Firm PA, Philip Dixon Parrish, Philip D. Parrish PA, Miami, FL, for Plaintiff.

Darren Wayne Friedman, Jeffrey Eric Foreman, Karina M. Cerda, Maltzman Foreman P.A., Miami, FL, for Defendant.

### ORDER ON MOTION TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Complaint, filed on April 3, 2009. (D.E. 15.) Plaintiff filed his Response in opposition on April 20, 2009. (D.E. 17.) Defendant filed its Reply in further support of its Motion on April 30, 2009. (D.E. 18.) Also before the

Court is Plaintiff's Unopposed Motion for Hearing, filed on May 1, 2009. (D.E. 19.) The Motions are now ripe for adjudication.

THE COURT has considered the Motions and the pertinent portions of the record and is otherwise fully advised in the premises. By way of background, this action arises out of the death of Plaintiff's spouse during a zip-line excursion, which was sold to her on-board the Defendant's vessel, in Honduras. In its Motion, Defendant argues that the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to state a claim for relief.

 In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When considering a motion to dismiss, the Court must liberally construe the complaint in the plaintiff's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). At this stage of the litigation, the Court must consider the allegations contained in the plaintiff's complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994). While a complaint does not need to set forth detailed factual allegations to survive a motion to dismiss, the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citations omitted). In practice, to adequately state a claim, "plaintiffs must do more than state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1263 (11th Cir. 2004).

 Defendant first argues that because the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302,[1] is Plaintiff's exclusive remedy, Plaintiff is barred from recovering non-pecuniary damages and from seeking recovery under the Florida Wrongful Death Act. (Def.'s Mot. 1–4.) Defendant contends that because its alleged negligence took place on-board the vessel, DOHSA should apply, irrespective of the fact that the death-causing injury to the decedent occurred on land. However, "a cause of action under DOHSA accrues at the time and place where an allegedly wrongful act or omission was consummated in an actual injury, not at the point w[h]ere previous or subsequent negligence allegedly occurred." *Moyer v. Rederi,* 645 F.Supp. 620, 627 (S.D.Fla.1986) (citation and internal quotations omitted); *see also Motts v. M/V Green Wave,* 210 F.3d 565, 571 (5th Cir.2000) ("This Circuit's precedents look to the location of the accident in determining whether DOHSA applies."). Here, the cause of action accrued on land at the time that the decedent fell from the zip-line. Thus, because that injury did not occur on the high seas, DOHSA does not apply.[2] *See* 46 U.S.C. § 30302. As a re-

---

1. DOHSA provides, in pertinent part:

 When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible.
 46 U.S.C. § 30302.

2. The Court notes the analysis and holding of *Ray v. Fifth Transoceanic Shipping Co., Ltd.,* 529 So.2d 1181 (Fla. 2d DCA 1988), the main case that Defendant cites in support of its argument. However, the Court declines to follow *Ray* because it believes that *Ray* was wrongly decided, based on (1) the fact that the cases that the court in *Ray* cited in support of its decision, including *Moyer,* are ei-

sult, Defendant's arguments regarding non-pecuniary damages and the Florida Wrongful Death Act fail.

 Defendant next contends that the exculpatory clause in its ticket contract, in which it disclaims liability for the acts of independent contractors, including those operating shore excursions, is valid and enforceable and requires dismissal of the Complaint. (Def.'s Mot. 4–6.) As Plaintiff points out, each of Plaintiff's claims is based in part on Defendant's own negligence in selecting the shore excursion operator (Tabyana Tours), in failing to warn Plaintiff of the dangers involved in the shore excursion, etc., not the negligence of the shore excursion operator itself. It is well settled that the owner of a passenger vessel may not contractually limit its liability for its own negligence. *See, e.g., Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1335 (11th Cir.1984), Thus, because Plaintiff adequately alleges direct negligence on the part of Defendant, the Court sees no reason to even consider the exculpatory clause at this juncture. As such, Defendant's second argument for dismissal fails.

Defendant also argues that each of the seven counts in Plaintiff's Complaint fails to state a cause of action and must be dismissed. The Court shall address each count in turn:

 With respect to Count I, Defendant contends that because Tabyana Tours was an independent contractor, Defendant cannot be held liable for the allegedly negligent selection or monitoring of Tabyana Tours. However, Count I is not a simple negligent hiring or supervision claim; instead, it alleges that Defendant was negligent in a number of ways, including by failing to warn Plaintiff of the dangerous conditions of the zip-line ride and failing to inspect the zip-line ride on a regular basis. (*See* Compl. ¶ 49.) Thus, whether Tabyana Tours is an independent contractor or Defendant's agent is irrelevant at this juncture for purposes of Count I. Additionally, the Court cannot resolve Defendant's arguments regarding the applicable standard of care as a matter of law at this time.

 Defendant next argues that Plaintiff has failed to state a cause of action for negligent misrepresentation in Count II. (Def.'s Mot. 9–10.) To prove a claim for negligent misrepresentation, a plaintiff must demonstrate: (1) misrepresentation of a material fact; (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation. *Wallerstein v. Hospital Corp. of America,* 573 So.2d 9, 10 (Fla. 4th DCA 1990). Having reviewed the Complaint, the Court is satisfied that Plaintiff has stated a cause of action for negligent misrepresentation, as it has adequately alleged each of these elements. (Compl. ¶¶ 55–63.) The main case upon which Defendant relies, *Isbell v. Carnival Corp.,* 462 F.Supp.2d 1232 (S.D.Fla.2006), is inapposite because it was decided at the summary judgment stage. Additionally, given the motion to dismiss standard and the fact that no discovery has yet taken place, the Court cannot now find, as a matter of law, that Plaintiff cannot establish the fourth element of his negligent misrepre-

ther inapplicable or cut against the *Ray* court's decision and (2) the fallacious logic

underpinning the *Ray* court's decision.

sentation claim solely because the decedent is deceased.

■ Regarding Count III, which alleges violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Slat. Ann, §§ 501.201, *et seq.*, Defendant first contends this count must be dismissed because its provision permitting attorneys' fees conflicts with the general maritime law. (Def.'s Mot. 10–12.) While the Court will reserve judgment on whether Plaintiff may seek attorneys' fees in this action, the Court does not see how FDUTPA's more substantive provisions conflict with maritime law. In fact, a Florida court has previously rejected this same argument, finding that the enforcement of state law against deceptive and unfair trade practices would work material prejudice to the characteristic features of the general maritime law or interfere with its proper harmony and uniformity. *Latman v. Costa Cruise Lines, N.V.,* 758 So.2d 699, 701 (Fla. 3d DCA 2000). As such, the Court declines to dismiss Count III on this basis.

■ Defendant also argues that Count III fails to state a claim for relief. As Defendant notes, a consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland,* 951 So.2d 860, 869 (Fla. 2d DCA 2006). However, FDUTPA specifically precludes a plaintiff from bringing a claim for personal injury or death. Fla. Stat. § 501.212(3); *see also Schauer v. Morse Operations, Inc.,* 5 So.3d 2, 6–7 (Fla. 4th DCA 2009) (citing Fla. Slat. § 501.212(3)). Thus, the Court finds that Count III must be dismissed for failure to state a claim, as the allegations in Count III make clear that Plaintiff seeks damages based on the decedent's personal injury and subsequent death. (*See* Compl. ¶ 76 ("As a result of the Defendant's negligence, and the unfair and deceptive trade practices of the Defendant, the Plaintiff's decedent suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and death.").)

■ Next, Defendant contends that Counts IV, VI, and VII, which allege various theories of agency, must be dismissed for failure to stale a claim for relief. (Def.'s Mot. 18–20.) The Court agrees. With respect to Count IV, the Court does not see how the allegations pled by Plaintiff can support a cause of action based upon undisclosed agency. Liability premised upon undisclosed agency arises, ordinarily in contract actions, when an agent deals with a third party on behalf of a principal who is not disclosed to such third party; in such a case, the third party may hold either the agent or the principal liable upon a theory of undisclosed agency. *See Collins v. Aetna Ins. Co.,* 103 Fla. 848, 851, 138 So. 369 (Fla.1931). Even assuming, *arguendo,* that Plaintiff could. maintain a negligence claim on the basis of undisclosed agency, according to the allegations in the Complaint, Plaintiff was aware of the identity of both the alleged principal (Defendant) and the alleged agent (Tabyana Tours). *See Van D. Costas, Inc. v. Rosenberg,* 432 So.2d 656, 659 (Fla. 2d DCA 1983) ("Of course, if the contracting party knows the identity of the principal for whom the agent purports to act, the principal is deemed to be disclosed.") Plaintiff's claim that Defendant either failed to disclose or misrepresented its alleged agency relationship with Tabyana Tours (*see* Compl. ¶ 79) is insufficient to state a cause of action on a theory of undisclosed agency. As such, the Court finds that Count IV fails to state a cause of action and must be dismissed.

Apparent agency (Count VII) exists when: (1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal; (2) the third party's belief was reasonable; and (3) the third party reasonably acted on such belief to his detriment. *Doonan v. Carnival Corp.*, 404 F.Supp.2d 1367, 1371 (S.D.Fla.2005) (citations omitted). In his Complaint, Plaintiff has merely alleged that Defendant allowed Tabyana Tours to represent itself as Defendant's agent and that it utilized Defendant for billing, advertising, organizing, and directing passengers related to the zip-line ride. (Compl. ¶ 100.) Such facts, even if true, would not establish any manifestation of agency made by Defendant to Plaintiff, as is necessary for apparent agency. *See Doonan*, 404 F.Supp.2d at 1371–72 (citing *Warren v. Ajax Navigation Corp.*, 1995 AMC 2609, 1995 WL 688421 (S.D.Fla.1995)). Thus, Count VII fails to state a cause of action and must be dismissed.

As for Plaintiff's actual agency claim (Count VI), the Court finds that it fails to state a cause of action. The essential elements of an actual agency relationship are: (1) acknowledgment by the principal that the agent will act for it; (2) the agent's acceptance of the undertaking; and (3) control by the principal over the actions of the agent, *Ilgen v. Henderson Properties, Inc.*, 683 So.2d 513, 515 (Fla. 2d DCA 1996) (citation omitted). In lieu of any factual allegations that, if true, would establish that Defendant and Tabyana Tours had an agency relationship, in his Complaint, Plaintiff has only included the conclusory allegation that Tabyana Tours was Defendant's agent. (*See* Compl. ¶ 93.) Thus, Count VI must be dismissed.

Finally, Defendant argues that Plaintiff has failed to allege the *prima facie* elements to establish a joint venture between Defendant and Tabyana Tours (Count V). (Def.'s Mot. 20.) The Court agrees. In order for a joint venture to exist, there must be: (1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained. *Austin v. Duval County School Bd.*, 657 So.2d 945, 948 (Fla. 1st DCA 1995) (citing *Kislak v. Kreedian*, 95 So.2d 510, 515 (Fla.1957)). In his Complaint, Plaintiff has merely alleged in conclusory fashion that Defendant and Tabyana Tours were engaged in a joint venture. (*See* Compl. ¶ 86.) As such, Count V fails to state a claim upon which relief may be granted and must be dismissed.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss (D.E. 15) is GRANTED IN PART and DENIED IN PART. Counts III, IV, V, VI, and VII are DISMISSED without prejudice. Defendant SHALL file its Response to Plaintiff's Complaint within ten days of the date of this Order. It is further

ORDERED AND ADJUDGED that the Motion for Hearing (D.E. 19) is DENIED AS MOOT.