**Delena BROWN, Plaintiff,**

v.

**CARNIVAL CORPORATION, et al., Defendants.**

**Case No. 1:16–cv–21448–UU**

United States District Court, S.D. Florida.

Signed 10/18/2016

Carlos Felipe Llinas Negret, Law Offices of Lipcon, Margulies & Alsina P.A., Miami, FL, Ricardo Valdes Alsina, Jacqueline Garcell, Jason Robert Margulies, Lipcon Margulies Alsina & Winkleman, Miami, FL, for Plaintiff.

Andrew Douglas Craven, The Chartwell Law Offices, LLP, Carlos Javier Chardon, Hamilton, Miller & Birthisel, LLP, Miami, FL, for Defendants.

## ORDER

Ursula Ungaro, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint. D.E. 41.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint. D.E. 38. Plaintiff, Delena Brown ("Plaintiff"), is an individual who was a paid passenger aboard Defendant, Carnival Corporation's ("Defendant") vessel, the *Carnival Conquest*, during the relevant time period. *Id.*

¶ 8. Defendant owned, operated, managed, maintained, and/or controlled the *Carnival Conquest. Id.* ¶ 43.

On August 20, 2015, Plaintiff participated in an off-shore excursion that was offered on the *Carnival Conquest*, known as the "Mi Dushi Sail & Snorkel with Lunch Tour." *Id.* ¶ 9. The excursion was operated by Windfeather Charters NV and/or Mi Dushi Sail & Snorkeling Tours Dutch Caribbean (collectively, the "Excursion Operator" "). *Id.* ¶ 19. The excursion consisted of an approximately a five-and-a-half hour tour, which stopped at three different places for snorkeling. *Id.* ¶ 20. After the first snorkeling stop, Plaintiff was returning to her seat on the upper deck. *Id.* ¶ 21. The steps did not have a handrail from the upper deck to the lower deck; instead, the handrail was only located on the top portion of the steps, and the bottom portion of the steps did not have a handrail. *Id.* ¶ 21. Plaintiff attempted to use the upper rail to pull herself to the top step, but her hand slipped and she fell off balance and over the ledge. *Id.* ¶ 25. As a result, Plaintiff fell to the bottom deck and sustained injuries, including a broken ankle, fractured fibula, and broken wrist. *Id.*

Plaintiff alleges that Defendant made information available and/or distributed information to Plaintiff that Defendant's excursions, including the excursion that Plaintiff participated in, were safe. *Id.* ¶ 13. In addition, the promotional material and information concerning the excursion did not require or recommend any particular level of boating experience required to participate in the excursion. *Id.* Plaintiff further alleges that the Excursion Operator failed to provide tour guides and/or employees who would (1) ensure and/or require that passengers and/or their snorkel equipment be dry when boarding, (2) assist participants like Plaintiff in boarding and/or getting to the upper deck,

and/or (3) instruct participants like Plaintiff on how to board and/or get to the upper deck in a safe manner and that Defendant is responsible for the failures of the Excursion Operator on theories of negligent hiring and retention, apparent agency and agency by estoppel, joint venture and third party beneficiary. *Id.* ¶ 23.

## PROCEDURAL HISTORY

On April 22, 2016, Plaintiff filed her Complaint, alleging the following claims: (I) Negligence, (II) Apparent Agency or Agency by Estoppel, (III) Joint Venture, and (IV) Third–Party Beneficiary. D.E. 1. Defendant moved to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to state plausible claims. D.E. 18.

On August 15, 2016, this Court issued her Order granting Defendant's Motion to Dismiss. D.E. 35. In the Order, the Court dismissed Counts I through IV on the grounds that Plaintiff failed to state plausible claims. *Id.* The Court ordered Plaintiff to re-file her Complaint to correct the deficiencies addressed in the Court's Order by August 26, 2016. *Id.*

On August 26, 2016, Plaintiff filed an Amended Complaint, alleging the following claims: (I) Negligence, (II) Negligent Hiring and Retention, (III) Negligence based on Apparent Agency or Agency by Estoppel, (IV) Negligence based on Joint Venture, and (V) Third–Party Beneficiary. D.E. 38. On September 9, 2016, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint re-raising arguments similar to the arguments raised its prior Motion to Dismiss. D.E. 41.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In considering a motion to dismiss for failure to state a cause of action, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955)). Although "[a] plaintiff need not plead 'detailed factual allegations[,] ... a formulaic recitation of the elements of a cause of action will not do,'" and the plaintiff must offer in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955)).

## ANALYSIS

In its Motion to Dismiss Plaintiff's Amended Complaint, Defendant argues that each of the five claims asserted against Defendant are deficient and should be dismissed. The Court separately considers each claim and the parties' arguments pertaining to each claim.

## Count I: Negligence

Similar to its prior Motion to Dismiss, Defendant argues that Plaintiff's negligence claim should be dismissed because: (1) it imposes heightened duties on Defendant beyond the duty to warn; and (2) it fails to allege sufficient facts showing that Defendant knew or should have known of any dangerous condition giving rise to a duty to warn.

▇ To state a negligence claim against a shipowner, Plaintiff is required to plead the following: (1) Defendant had a duty to protect Plaintiff from a particular injury; (2) Defendant breached that duty; (3) the breach actually and proximately caused Plaintiff's injury; and (4) Plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citing *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008)). While cruise ship owners and operators owe their passengers "the duty of exercising reasonable care under the circumstances of each case[,]" *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959), the operator "is not an insurer of its passengers' safety ... There thus must be some failure to exercise due care before liability may be imposed." *Long v. Celebrity Cruises, Inc.*, 982 F.Supp.2d 1313, 1315 (S.D. Fla. 2013).

▇ The Court first considers whether Plaintiff sufficiently pleaded the appropriate duty of care in her Amended Complaint. As stated above, ship owners and operators generally do not owe a heightened or special duty of care to their passengers. Rather, the duty is one of reasonable care under the circumstances. *See Kermarec*, 358 U.S. at 630, 79 S.Ct. 406; *Everett v. Carnival Cruise Lines, Inc.*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("The benchmark against which a ship owner's

behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition."). Reasonableness of care, in turn, is measured by the extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and pose greater danger to the passenger. *Reinhardt v. Royal Caribbean Cruises*, No. 1:12-cv-22105, 2013 WL 11261341, at *4 (S.D. Fla. Apr. 2, 2013).

This Court previously dismissed Plaintiff's negligence claim because Plaintiff alleged in conclusory language that Defendant owed Plaintiff a "reasonable or ordinary duty of care" and also found that Plaintiff engaged in a shotgun-style of pleading by reciting forty-one (41) alleged breaches. In its current Motion to Dismiss, Defendant once again argues that while Plaintiff reduced the number of breaches, many of the breaches are premised on duties over and above the duty to warn, which are unsupported by maritime law. D.E. 41. Plaintiff responds by arguing that she properly pleaded the duty of reasonable care in paragraphs 38–39 and only then does she allege the specific ways in which Defendant breached that duty of reasonable care owed to Plaintiff in the subsections of paragraph 39. D.E. 45.

■ The Court agrees with Plaintiff to the extent that she has sufficiently alleged the appropriate standard of care and breaches thereof·in Paragraph 39 (z) –(bb) to state a plausible negligence claim against Defendant. Defendant's argument that Plaintiff failed to state a claim because Defendant did not actually owe a duty of care to Plaintiff under the facts of this case are better suited for resolution at the motion for summary judgment stage.

*See Bridgewater v. Carnival Corp.*, No. 10–22241–CIV, 2011 WL 817936, at *2 (S.D. Fla. Mar. 2, 2011) ("Carnival disputes whether it owed a duty to Plaintiff under the facts as pleaded. However such a contention is more appropriate for summary judgment than for the consideration upon a motion to dismiss."). In construing the factual allegations in a light most favorable to Plaintiff, the Court is satisfied that Plaintiff has stated a facially plausible claim for negligence against Defendant. However, the Court agrees with Defendant that many of the breaches alleged depend on the existence of a heightened duty of care that the law does not impose on ship owners. For that reason, the Court is striking, *sua sponte*, Paragraph 39 (a)–(y).

## Count II: Negligent Retention and Supervision

■ Defendant argues that Plaintiff has failed to state a claim for negligent retention and supervision because Plaintiff failed to allege "what incompetence or unfitness Plaintiff is alleging caused her injuries" and failed to support the claim with any relevant facts at all. In response, Plaintiff argues that she alleged the ways in which Defendant was incompetent and unfit in the six (6) subsections of paragraph 46. In addition, Plaintiff contends that she sufficiently pleaded Defendant's knowledge of such incompetence and unfitness because Plaintiff alleged that Defendant's representatives themselves participated in the excursion and conducted site inspections aboard the vessel. D.E. 38 ¶ 48.

■ To state a claim for negligent hiring or retention against a ship owner, a plaintiff must plead that the excursion company "was incompetent or unfit to perform the work, that the [shipowner] knew or reasonably should have known of the particular incompetence or unfitness, and

that such incompetence or unfitness proximately caused his injuries." *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-CIV, 2012 WL 2049431, at *5 (S.D. Fla. June 5, 2012) (citing *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D. Fla. 2011)).

The Court agrees with Defendant that the allegations regarding the Defendant's actual or constructive knowledge of the Excursion Operator's incompetence or unfitness are little more than boilerplate and entirely conclusory. The Court further finds that the alleged breaches extend far beyond what the law requires of a ship owner. It is apparent to the Court that a claim for negligent retention or hiring cannot be stated under the circumstances as a matter of law and, consequently, the claim is dismissed with prejudice.

### Count III: Apparent Agency or Agency by Estoppel Claim

■ Defendant argues that Count III should be dismissed because to the extent Plaintiff's negligence claim fails, so should her apparent agency or agency by estoppel claim. Plaintiff responds by arguing that Defendant only points to the fact that this count should be dismissed because the underlying negligence claim fails, and because her negligence claim is sufficiently pleaded in her Amended Complaint, so is her claim for negligence based upon apparent agency.

As stated in the Court's prior Order, the undersigned agrees with Plaintiff that in paragraph 52(a)–(h) of her Amended Complaint, she has alleged a sufficient basis for Plaintiff's belief that the Excursion Operator was the apparent agent of Defendant, specifically in the way in which Defendant marketed and sold the excursion to its passengers. Because Plaintiff has successfully pleaded her negligence claim, Plaintiff's factual allegations are sufficient to defeat the dismissal of her apparent agen-

cy claim. *See Gayou v. Celebrity Cruises, Inc.*, 11–23359–CIV, 2012 WL 2049431, at *10 (S.D. Fla. Jun. 5, 2012) (finding that, allegations regarding the manner in which the excursions were marketed, sold, charged, and paid for through the cruise line were sufficient to withstand a motion to dismiss plaintiff's apparent agency claim). However, as stated above, Plaintiff has failed to allege that Defendant, as principal, had actual or constructive knowledge of the unsafe conditions identified in Paragraph 56 (a) through(y) other than in the most conclusory terms; accordingly those subparagraphs are stricken.

### Count IV: Joint Venture

■ In its Motion, Defendant argues that Plaintiff's joint venture claim should be dismissed because Plaintiff failed to allege facts which if proved would show that Defendant and the Excursion Operator had a community of interest in a common purpose, had joint control, of had the right to share in the profits or a duty to share in the losses. Defendant argues that notwithstanding Plaintiff's additional allegations pertaining to this claim, Plaintiff only includes allegations pertinent to Defendant's negligent conduct. In response, Plaintiff argues that she sufficiently alleged that Defendant and the excursion entities shared a "common purpose," which was "to operate the shore excursion for a profit." D.E. 38 ¶ 64. Plaintiff points to paragraphs 61, 63, and 69(c) of the Amended Complaint, where Plaintiff alleges that Defendant and the excursion entities possessed joint control over the shore excursion, had a joint proprietary interest in operating the excursion for a profit, and had a duty to share fiscal losses.

■ To assert a joint venture theory of negligence liability, a plaintiff must allege the following elements: "(1) a community of interest in the performance of a com-

mon purpose; (2) joint control or right of control; (3) a a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained." *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F.Supp.2d 1351, 1357 (S.D. Fla. 2009).

The Court agrees with Plaintiff and finds that she has sufficiently pleaded factual allegations to support Plaintiff's contention that Defendant and the excursion entities had an interest in a common purpose, had joint control or right to control, had a right to share in the profits, or a duty to share in any losses. In amending her Complaint, Plaintiff sufficiently pleaded allegations to state a claim against Defendant for negligence based upon a joint venture theory of liability. Therefore, Defendant's Motion to Dismiss Count IV is denied. However, for much the same reasons stated above, the Court finds that the alleged breaches identified in Paragraph 71 (a) through (z) are unsupported by plausible factual allegations that Defendant knew or had constructive knowledge of such unsafe condition and, therefore those subparagraphs are stricken.

### Count V: Third–Party Beneficiary

■ Defendant argues that Plaintiff's third-party beneficiary claim should be dismissed because it fails to allege there is a provision in the contract between Defendant and the Excursion Entities which guaranteed Plaintiff the safe passage on shore excursions or that the contract guaranteed any other right. D.E. 41. Defendant also argues that the Amended Complaint does not allege any contractual obligations on the part of Defendant; rather, Plaintiff only alleges breaches by Defendant. In response, Plaintiff argues that she has sufficiently pleaded the elements necessary for a third-party beneficiary of a contract claim as follows: (1) the existence of a contract between Carnival and the Excursion Entities to provide the excursion for passengers aboard Defendant's ship(s) (D.E. 38 ¶ 74); (2) the expressed or implied intent that the contract primarily and directly benefitted Plaintiff, as Defendant's passenger (*Id.* ¶¶ 75–77); (3) the breach of the contract by Defendant and the Excursion Entities (*Id.* ¶ 78), and (4) Plaintiff's damages resulting from the breach. *Id.* ¶ 80.

■ To properly plead a third-party beneficiary claim, a plaintiff must allege: (1) the existence of a contract to which Plaintiff is not a party; (2) an intent, either expressed by the parties or in the provisions of the contract, that the contract primarily and directly benefitted Plaintiff; (3) breach of the contract; and (4) Plaintiff's damages resulting from the breach. *Lapidus v. NCL Am., LLC*, 12–21183–CIV, 2012 WL 2193055, at *6 (S.D. Fla. 2012).

Here, the Court agrees with Plaintiff that she has sufficiently pleaded the elements necessary to state a plausible claim as a third-party beneficiary of the contract between Defendant and the Excursion Entities. In her Amended Complaint, Plaintiff identifies the provisions of the contract, which are intended to benefit passengers such as Plaintiff. D.E. 38 ¶ 77. Accordingly, Defendant's Motion to Dismiss Count V is denied. But again, the Court rejects the allegations contained in Paragraph 78(a)(1) through (25) because the alleged breaches are unsupported by plausible factual allegations supporting the existence of correlative duties to passengers. Additionally, the Court strikes the allegations contained in Paragraph 78(b) because the Excursion Operator is not a Defendant and the allegations therein are irrelevant and immaterial. the It is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's

Amended Complaint (D.E. 41) is DE-NIED. It is further

ORDERED AND ADJUDGED that Plaintiff shall file a Second Amended Complaint that conforms to this Order (no further amendments are permitted) no later than **Wednesday, October 26, 2016**. It is further

ORDERED AND ADJUDGED that Defendant shall answer no later than November 11, 2016.