Delena BROWN, Plaintiff,

v.

CARNIVAL CORPORATION, ET AL., Defendants.

Case No. 1:16-cv-21448-UU

United States District Court, S.D. Florida.

Signed August 12, 2016

Entered August 15, 2016

Carlos Felipe Llinas Negret, Jaqueline Garcell, Jason Robert Margulies, Law Offices of Lipcon, Margulies & Alsina P.A., Miami, FL, for Plaintiff.

Andrew Douglas Craven, The Chartwell Law Offices, LLP, Carlos Javier Chardon, Samantha Loveland, Hamilton, Miller & Birthisel, LLP, Miami, FL, for Defendants.

## ORDER

URSULA UNGARO, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint (D.E. 18) and Windfeather Charter NV's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (D.E. 25).

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint. D.E. 1. Plaintiff, Delena Brown ("Plaintiff"), is an individual who was a paid passenger aboard Defendant, Carnival Corporation's ("Carnival") vessel, the *Carnival Conquest*, during the relevant time period. *Id.* ¶ 46. Carnival owned, operated, managed, maintained, and/or controlled the *Carnival Conquest*. *Id.* ¶ 43. Defendants, Windfeather Charters NV, Rumbaruba Tours NV, and Mi Dushi Sal & Snorkeling Tours Dutch Caribbean ("Defendant Tour Operators"), are foreign corporations who owned and/or operated the subject excursion, "Mi Dushi Sail & Snorkel with Lunch Tour," in Catalina Bay, Aruba. *Id.* ¶ 46.

On August 20, 2015, Plaintiff participated in an off-shore excursion that was offered on the *Carnival Conquest*, known as the "Mi Dushi Sail & Snorkel with Lunch Tour." *Id.* ¶ 53. The excursion consisted of an approximately six-hour tour, which stopped at three different places for snorkeling. *Id.* ¶ 66. After the first snorkeling stop, Plaintiff was returning to her seat on the upper deck. *Id.* ¶ 67. Plaintiff attempted to use the upper rail to pull herself to the top step, but her hand slipped and she fell off balance and over the ledge. *Id.* As a result, Plaintiff fell to the bottom deck and sustained injuries, including a broken ankle, fractured fibula, and broken wrist. *Id.* ¶¶ 67, 70.

Plaintiff alleges that Carnival recommended the tour to Plaintiff, but never disclosed the magnitude of physical challenges and dangers that Plaintiff might encounter on the excursion. *Id.* ¶ 62. Plaintiff contends that Carnival represented the shore excursion as being a "moderate" shore excursion. *Id.* ¶ 64. Plaintiff further alleges that neither Carnival nor the Defendant Tour Operators provided adequate warnings about the hazards involved in her climbing the steps to the upper deck, and Defendants failed to provide alternative

safe mechanisms to allow its passengers to safely embark the tour boat. *Id.* ¶ 68.

On April 22, 2016, Plaintiff filed her Complaint, alleging the following claims: (1) Negligence against all Defendants, (2) Apparent Agency or Agency by Estoppel against Carnival, (3) Joint Venture between the Defendant Tour Operators and Carnival, and (4) Third-Party Beneficiary. D.E. 1. Carnival moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to state a claim. D.E. 18. Defendant, Windfeather Charter NV ("Windfeather"), moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction. D.E. 25. The Court considers each Motion in Turn.

## I. FAILURE TO STATE A CLAIM

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) provides that a plaintiff's pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In considering a motion to dismiss for failure to state a cause of action, the "plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir.2014) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955)). Although "[a] plaintiff need not plead 'detailed factual allegations[,] ... a formulaic recitation of the elements of a cause of action will not do,'" and the plaintiff must offer in support of its claim "sufficient factual matter, accepted as true, to 'raise a right to relief above the speculative level.'" *Simpson*, 744 F.3d at 708 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955)).

### B. Analysis

In its Motion to Dismiss, Carnival argues that each of the four claims asserted against Carnival are deficient and should be dismissed. The Court separately considers each claim and the parties' arguments pertaining to each claim.

### 1. Count I: Negligence

Carnival argues that Plaintiff's negligence claim should be dismissed because: (1) it imposes heightened duties on Carnival beyond the duty to warn; (2) it fails to allege sufficient facts showing that Carnival knew or should have known of any dangerous condition giving rise to a duty to warn; and (3) to the extent Plaintiff is attempting to bring a claim for negligent selection and retention, it should be dismissed for failure to plead a prima facie case.

To state a negligence claim against a shipowner, Plaintiff is required to plead the following: (1) Defendant had a duty to protect Plaintiff from a particular injury; (2) Defendant breached that duty; (3) the breach actually and proximately caused Plaintiff's injury; and (4) Plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir.

2012) (citing *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir.2008)). While cruise ship owners and operators owe their passengers "the duty of exercising reasonable care under the circumstances of each case[,]" *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959), the operator "is not an issuer of its passengers' safety . . . There thus must be some failure to exercise due care before liability may be imposed." *Long v. Celebrity Cruises, Inc.*, 982 F.Supp.2d 1313, 1315 (S.D.Fla. 2013).

## A. Duty of Care

■ The Court first considers whether Plaintiff sufficiently pleaded the appropriate duty of care in her Complaint. Generally, ship owners and operators do not owe a heightened or special duty of care to their passengers. Rather, the duty is one of reasonable care under the circumstances. *See Kermarec*, 358 U.S. at 630, 79 S.Ct. 406; *Everett v. Carnival Cruise Lines, Inc.*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("The benchmark against which a ship owner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition."). Reasonableness of care, in turn, is measured by the extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and pose greater danger to the passenger. *Reinhardt v. Royal Caribbean Cruises*, No. 1:12–cv–22105, 2013 WL 11261341, at *4 (S.D.Fla. Apr. 2, 2013).

■ Carnival argues that Plaintiff's negligence claim recites forty-one alleged breaches by Carnival, and the vast majority of the alleged breaches are premised on duties that go beyond the duty to warn and many of the alleged breaches are un-supported by law. In response, Plaintiff points to paragraphs 72 and 73 of the Complaint, where Plaintiff alleges that "[i]t was the duty of Defendants, to provide Plaintiff with reasonable care under the circumstances" and that "[o]n or about August 20, 2015, Carnival and/or its agents . . . breached its duty to provide Plaintiff with reasonable or ordinary care under the circumstances." D.E. 1 ¶¶ 72-73.

The Court agrees with Carnival that Plaintiff has failed to sufficiently plead the appropriate standard of care. Plaintiff alleges in conclusory language that Carnival owed Plaintiff a "reasonable or ordinary duty of care"; however, the Court also finds that Plaintiff has engaged in a shot-gun-style of pleading in reciting forty-one alleged breaches. Upon a close examination, many of the alleged breaches are contradictory to each other and are unsupported by law in that they attempt to impose a heightened duty upon Carnival as the shipowner. Simply alleging that Carnival owed Plaintiff a duty of "reasonable care" in a conclusory fashion, while also pleading alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law.

The Court refuses to go line-by-line and determine which of Carnival's alleged breaches are appropriate and supported by law; rather, the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith. *See Gayou v. Celebrity Cruises, Inc.*, No. 11–23359–CIV, 2012 WL 2049431, at *6 (S.D.Fla. June 5, 2012) ("[Plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations."). Carnival's Motion to Dismiss Count I on the grounds

that Plaintiff has failed to plead the appropriate duty of care is GRANTED.

## B. Failure to Warn Claim

■ Carnival argues that Plaintiff's Complaint does not contain any factual allegations regarding the hazards and/or dangerous conditions against which Carnival had a duty to warn. Carnival also argues that Plaintiff has failed to allege that Carnival had actual or constructive notice of such hazards or dangers. In her Response, Plaintiff argues that she is "not required to plead evidence," and she points to paragraphs 66 and 69, where she insists that she sufficiently stated a plausible negligence claim based upon a failure to warn theory of liability.

■ It is clearly established that cruise lines owe their passengers a duty to warn of known or foreseeable dangers. *Witover v. Celebrity Cruises, Inc.*, 161 F.Supp.3d 1139, 1146, 2016 WL 661065, at *3 (S.D.Fla.2016). "[W]here a menace is . . . encountered on land and [is] not clearly linked to nautical adventure," *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir.1989), "the exercise of reasonable care is defined as the duty to warn of dangers on shore that are not open and obvious, of which the cruise line had actual or constructi[ve] knowledge, and that exists in places where passengers are invited or reasonably expected to visit." *Lapidus v. NCL Am. LLC*, 924 F.Supp.2d 1352, 1356–57 (S.D.Fla.2013). A defendant has no duty to warn a plaintiff about dangers that are open and obvious. *Magazine v. Royal Caribbean Cruises, Ltd.*, No. 12–23431–CIV, 2014 WL 1274130, at *5 (S.D.Fla. Mar. 27, 2014).

The Court agrees with Carnival that Plaintiff has failed to allege any facts from which it may be inferred Carnival knew or should have known of any dangerous or unsafe condition associated with the subject excursion. In her Complaint, Plaintiff alleges in a conclusory fashion that "Carnival and the Tour Operator [sic] are on notice of prior incidents on board the watercraft 'Mi Dushi' on which passengers have injured themselves, and in particular, climbing to the upper decks of the watercraft." D.E. 1 ¶ 66. Plaintiff also points to paragraph 80, where she alleges, "Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them." *Id.* ¶ 80. Simply stating that Carnival had knowledge of a dangerous condition, without identifying the dangerous condition, and/or pleading how Carnival had knowledge of the condition, is insufficient. Therefore, Plaintiff has not sufficiently stated a plausible claim for negligence based upon a failure to warn theory.

## C. Negligent Retention and Supervision

Carnival argues that to the extent Plaintiff's Complaint is attempting to allege a claim for negligent selection and retention, Plaintiff has failed to state a claim. Plaintiff does not respond to Carnival's arguments in any meaningful manner.

■ To state a claim for negligent hiring or retention against a shipowner, a plaintiff must plead that the excursion company "was incompetent or unfit to perform the work, that the [shipowner] knew or reasonably should have known of the particular incompetence or unfitness, and that such incompetence or unfitness proximately caused his injuries." *Gayou v. Celebrity Cruises, Inc.*, No. 11–23359–CIV, 2012 WL 2049431, at *5 (S.D.Fla. June 5, 2012) (citing *Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D.Fla.2011)).

It is not entirely clear that Plaintiff intends to assert a negligent retention or supervision claim against Carnival; however, to the extent that Plaintiff is intending to assert such a claim, the Court finds that it fails. There are no factual allegations whatsoever to support a negligent retention and supervision claim, and therefore, Carnival's Motion to Dismiss is GRANTED.

## 2. Count II: Apparent Agency or Agency by Estoppel Claim

Carnival argues that Count II should be dismissed because apparent agency and agency by estoppel are not independent causes of action. Carnival further argues that to the extent Plaintiff's negligence claim fails, so should her apparent agency or agency by estoppel claim. In addition, Carnival contends that Plaintiff's passenger ticket contract precludes the pleading of such a claim as a matter of law. In response, Plaintiff argues that the existence of an agency relationship is a question of fact, which is inappropriate for resolution at the motion to dismiss stage. Plaintiff also insists that the Court should not consider the disclaimer in the passenger-ticket contract at this stage because it was not attached to Plaintiff's Complaint, and it is outside the four corners of the Complaint.

██ To plead a negligence claim premised upon apparent agency, a plaintiff must plead: (1) the alleged principal made some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, (2) that such belief was reasonable, and (3) that the claimant reasonably acted on such benefit to his detriment. *Doonan v. Carnival Corp.*, 404 F.Supp.2d 1367, 1371 (S.D.Fla.2005); *see also United Bonding Ins. Co v. Banco Suizo–Panameno, S.A.*, 422 F.2d 1142, 1146 (5th Cir.1970) (stating the elements for a theory of agen-

cy by estoppel are: (1) a representation by the principal, (2) reliance on the representation by the claimant, and (3) a change in position by the claimant in reliance on the representation).

██ As an initial matter, the Court agrees with Carnival and finds that because Plaintiff has failed to state a plausible negligence claim, Plaintiff's claim for apparent agency also fails. *See Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12–21897–CIV, 2013 WL 1296298, at *5 (S.D.Fla. Mar. 27, 2013) ("I already have determined that the insufficiency of Plaintiff's factual allegations warranted the dismissal without prejudice of Plaintiff's negligence claim. Accordingly, Plaintiff's apparent agency claim must be dismissed without prejudice as well.").

However, the Court agrees with Plaintiff that in paragraphs 83(a)-(h) of her Complaint, she has alleged a sufficient basis to find that Plaintiff may have believed the excursion entity was Carnival's agent due to the way in which Carnival marketed and sold the excursion to its passengers. Assuming that Plaintiff is able to re-plead her negligence claim, Plaintiff's factual allegations will be sufficient to defeat the dismissal of her apparent agency claim. *See Gayou v. Celebrity Cruises, Inc.*, 11–23359–CIV, 2012 WL 2049431, at *10 (S.D.Fla. Jun. 5, 2012) (finding that, allegations regarding the manner in which the excursions were marketed, sold, charged, and paid for through the cruise line were sufficient to withstand a motion to dismiss plaintiff's apparent agency claim).

The Court further agrees with Plaintiff that the consideration of the passenger-ticket contract as evidence Plaintiff's claims are barred is inappropriate at the motion to dismiss stage when it was not attached to Plaintiff's Complaint and it is not central to her claims. *See Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d

1225, 1237–38 (11th Cir.2014) ("At this early stage in the proceedings ... we decline to consider the passenger ticket contract for three reasons. First, [Plaintiff] did not attach the ticket contract to the complaint. Second, the complaint makes no mention of the contract ... Finally, even if we were to look to the contract at this stage, we would not consider the nurse and doctor to be independent contractors simply because that is what the cruise line calls them."). Defendant's Motion to Dismiss as to Count II is GRANTED.

### 3. Count III: Joint Venture

■ In its Motion, Carnival argues that Plaintiff's joint venture claim should be dismissed because it is not an independent cause of action, such conduct was specifically disclaimed by Carnival in the passenger ticket, and Plaintiff further failed to give a factual basis for a joint venture claim. In response, Plaintiff argues that the Court should not consider the passenger-ticket contract on a motion to dismiss. Plaintiff also argues that whether a group of persons constitute a joint venture is a question of fact to be resolved by a jury.

■ To assert a joint venture theory of negligence liability, a plaintiff must allege the following elements: "(1) a community of interest in the performance of a common purpose; (2) joint control or right of control; (3) a a joint proprietary interest in the subject matter; (4) a right to share in the profits; and (5) a duty to share in any losses which may be sustained." *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F.Supp.2d 1351, 1357 (S.D.Fla.2009).

The Court agrees with Carnival that Plaintiff has not sufficiently alleged Carnival and the Defendant Tour Operators were engaged in a joint venture. In responding to Carnival's Motion, Plaintiff argues in a conclusory manner that the question of whether a joint venture, in fact, existed is a question of fact. While the Court does not dispute this, the relevant question at the motion to dismiss stage is whether Plaintiff has sufficiently alleged a plausible claim. There are no factual allegations to support Plaintiff's contention that Carnival and the Defendant Tour Operators had any interest in a common purpose, had joint control or right to control, had a right to share in the profits, or a duty to share in any losses. Accordingly, Carnival's Motion to Dismiss Count III is GRANTED.

### 4. Count IV: Third-Party Beneficiary

Carnival argues that Plaintiff's third-party beneficiary claim should be dismissed because it fails to allege that Carnival and the Defendant Tour Operators had the necessary intent for the passenger-ticket contract to benefit Plaintiff. Carnival cites to *Aronson v. Celebrity Cruises, Inc.*, 30 F.Supp.3d 1379 (S.D.Fla. 2014) and *Ash v. Royal Caribbean Cruises Ltd.*, 991 F.Supp.2d 1214 (S.D.Fla.2013), where two courts in this District dismissed the plaintiffs' third-party beneficiary claims utilizing similar language and similar allegations as are present in Plaintiff's Complaint. Plaintiff does not oppose Carnival's position, and instead, seeks leave to amend her claim. The Court is willing to provide Plaintiff with leave to amend her third-party beneficiary claim. Accordingly, Carnival's Motion to Dismiss Count IV is GRANTED.

## II. LACK OF PERSONAL JURISDICTION

In its Motion to Dismiss, Windfeather argues that the Court cannot exercise personal jurisdiction over it because it is an Aruban corporation that has its principal and only place of business in Aruba. D.E. 25. Windfeather further argues that the very limited contacts Plaintiff has alleged in her Complaint have been rejected by

courts in the Southern District of Florida and by the Eleventh Circuit Court of Appeals as being insufficient for purposes of establishing personal jurisdiction over a foreign entity.[1] In support of its Motion, Windfeather relies upon the Declaration of Hector Cristian Sainz Ballesteros, who is the majority shareholder and director of Windfeather, to substantiate that Windfeather fails to meet the threshold for the "exceptional case" where a foreign entity will meet the "at home" test for personal jurisdiction. D.E. 25-1. In her "Preliminary Response," Plaintiff requests that she be permitted to engage in jurisdictional discovery in order to contest the veracity of Windfeather's contentions. Plaintiff fails to set forth any evidence in support of her Response.

## LEGAL STANDARD

 "A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir.2002) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir.1988)). The Court must determine whether Windfeather's activities satisfy the Florida long-arm statute and, if satisfied, whether the extension jurisdic-

tion comports with the due process requirements of the Fourteenth Amendment. *Id.* (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir.1999) ("A federal court sitting in diversity may properly exercise jurisdiction over a defendant only if two requirements are met: (1) the long-arm statute, and (2) the Due Process Clause of the Fourteenth Amendment.")).

 It is Plaintiff's burden to establish a prima facie case of personal jurisdiction over a foreign defendant. *See Aronson v. Celebrity Cruises, Inc.*, 30 F.Supp.3d 1379, 1385 (S.D.Fla.2014) (citing *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir.2006)). When a defendant has submitted affidavits challenging a court's jurisdiction, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction, unless the defense affidavits contain only conclusory assertions. *Meier*, 288 F.3d at 1271. A court must construe all reasonable inferences in favor of the plaintiff when the parties have submitted conflicting evidence of jurisdiction. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990). But, when the plaintiff offers no competent evidence to the contrary, a "district court may find that the defendant's unrebutted denials [are] sufficient to negate plaintiff's juris-

---

1. In its Motion, Windfeather also argues that Rumbaruba and Mi Dushi are improperly named as Defendants in this action and points to the Declaration of Hector Cristian Sainz Ballesteros in support of its position. Specifically, Mr. Ballesteros declares that Windfeather simply does business as Mi Dushi Sailing and Snorkeling Tours Dutch Caribbean; however, Mi Dushi is not a separate legal entity. D.E. 25-1 ¶ 5. In addition, Mr. Ballesteros states Rumbaruba Tours, NV is an Aruban entity that contracted with Windfeather in 2014 to arrange for the ground transportation of Windfeather customers; however, the contract was terminated in 2014 and has not been renewed. *Id.* ¶ 6. He insists that Rumbaruba has never owned or operated the excur-

sions that Windfeather offers. *Id.* Plaintiff fails to respond to these allegations in any meaningful manner. Because the Court finds Mi Dushi Sailing and Snorkeling Tours Dutch Caribbean and Rumbaruba Tours, NV are improper Defendants, these entities are DISMISSED from this action.

In addition, Plaintiff cannot "preserve the right" to sue a fictitious entity by naming "XYZ Corp." as a Defendant. D.E. 1 ¶ 5. Assuming Plaintiff has a meritorious basis upon which a specific entity should be named as a defendant, Plaintiff is required to comply with the Federal Rules of Civil Procedure and move for leave to amend her Complaint within the applicable time period set forth in this Court's Scheduling Order.

dictional allegations." *Zapata v. Royal Caribbean Cruises, Ltd.*, No. 12–21897–CIV, 2013 WL 1100028, at *2 (S.D.Fla. Mar. 15, 2013) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009)).

## A. Florida's Long-Arm Statute

A defendant may be subject to Florida's long-arm statute through specific jurisdiction and general jurisdiction. *See Carmouche v. Carnival Corp.*, 36 F.Supp.3d 1335, 1340 (S.D.Fla.2014) (citing Fla. Stat. § 48.193 (2016)). Irrespective of the method, "Florida's long-arm statute is to be strictly construed." *Carmouche*, 36 F.Supp.3d at 1340 (citing *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir.1996)). "Since the extent of the long-arm statute is governed by Florida law, federal courts are required to construe it as would the Florida Supreme Court." *Id.* (quoting *Cable/Home Comm. v. Network Prods.*, 902 F.2d 829, 856 (11th Cir.1990)). Furthermore, "[i]n the absence of Florida Supreme Court precedent, federal courts must adhere to decisions of Florida's intermediate courts." *Aronson v. Celebrity Cruises, Inc.*, 30 F.Supp.3d 1379, 1385 (S.D.Fla.2014) (citing *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1271 (11th Cir.2002)).

### 1. Specific Jurisdiction

In her Complaint, Plaintiff alleges that Windfeather is subject to specific jurisdiction pursuant to Fla. Stat. § 48.193(1)(a)(1) and (1)(a)(4).

#### a. Fla. Stat § 48.193(1)(a)(1)

Subsection (a)(1) confers jurisdiction over an out-of-state defendant for claims arising against a defendant who is "operating, conducting, engaging in, or carrying on a business venture in this state or having an office or agency in this state." Windfeather argues that Plaintiff has failed to show a nexus between the alleged tort and Windfeather's alleged activities in Florida in attempting to plead specific jurisdiction. In his Declaration, Mr. Ballesteros states that Windfeather has operated at all times exclusively in Aruba (D.E. 25-1 ¶ 7), Windfeather has never been "incorporated, licensed or qualified to do business in the State of Florida or anywhere else outside of Aruba" (D.E. 25-1 ¶ 13), has never maintained any "officers, directors, employees, and/or agents within the State of Florida" (D.E. 25-1 ¶ 20), and has never engaged in any business operators outside of Aruba (D.E. 25-1 ¶ 26).

The Court agrees with Windfeather that Windfeather is not subject to specific jurisdiction under subsection (1)(a)(1) of Florida's Long-Arm Statute. Plaintiff has failed to allege any nexus between the alleged tort and Windfeather's alleged activities. *See Bloom v. A.H. Pond Co., Inc.*, 519 F.Supp. 1162, 1168 (S.D.Fla.1981) ("It is clear that doing business in this state is not a sufficient basis, standing along, upon which to predicate long-arm jurisdiction. There must also be some nexus or connection between the business that is conducted in Florida and the cause of action alleged."). In addition, Plaintiff wholly failed to respond to Windfeather's arguments relating to this Court's exercise of specific jurisdiction and did not offer any evidence to rebut Mr. Ballesteros' Declaration. For these reasons, the Court rejects Plaintiff's argument that this Court should find Windfeather is subject to specific jurisdiction under subsection (1)(a)(1).

#### b. Fla. Stat § 48.193(1)(a)(4)

Plaintiff further alleges that Windfeather is subject to specific jurisdiction pursuant to § 48.193(1)(a)(4).[2] Specifi-

---

**2.** In her Complaint, Plaintiff refers to "subsection (d) of the Florida long-arm statute" as the basis for the Court to exercise specific jurisdiction over Windfeather. In addition, Windfeather responds to Plaintiff's arguments

cally, she alleges that "[a]s part of its contracts with Florida-based cruise lines, [Windfeather] contractually agrees to indemnify Florida-based cruise lines ... for any harm resulting to cruise passengers[,]" and therefore, Windfeather insures persons in Florida. D.E. 1 ¶ 41. Subsection (a)(4) provides for jurisdiction over a defendant who "contract[s] to insure a person, property, or risk located within this state at the time of contracting." In his Declaration, Mr. Ballesteros attests as follows: "Windfeather has never agreed to indemnify Carnival or any entity within the meaning of Florida Statutes 48.193(1)(d)" (D.E. 25-1 ¶ 31), and "Windfeather has never insured Carnival or any entity in Florida or elsewhere in the United States" (D.E. 25-1 ¶ 32).

Once again, Plaintiff failed to respond to Windfeather's arguments and failed to rebut Mr. Ballesteros' Declaration with evidence. In addition, the Court agrees with Judge Seitz's ruling in *Lapidus v. NCL America, LLC*, No. 12–21183–CIV, 2013 WL 646185, at *4 (S.D.Fla. Feb. 14, 2013), where Judge Seitz rejected a similar argument on the grounds that the plaintiff's negligence claims do not arise from an indemnity agreement. Similarly, in this case, Plaintiff's claims do not arise from a contract; rather, Plaintiff's claims arise from an injury that occurred while she was on an off-shore excursion in Aruba. Accordingly, there is no basis upon which this Court is inclined to find that Windfeather is subject to specific jurisdiction in Florida under subsection (1)(a)(4).

### 2. General Jurisdiction

■■■■ " 'A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations,' without offending due process 'when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir.2015) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Carmouche*, 789 F.3d at 1204 (citing *Daimler AG v. Bauman*, —— U.S. ——, 134 S.Ct. 746, 760, 187 L.Ed.2d 624 (2014)). "A corporation's place of incorporation and its principal place of business are 'paradigm all-purpose forums.' " *Daimler*, 134 S.Ct. at 749. "And 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business' will be 'so substantial and of such a nature as to render the corporation at home in that State' only in 'exceptional' cases." *Id.* at 761 n. 19.

■■■■ There is no dispute that Windfeather's place of incorporation and principal place of business are in Aruba. D.E. 25-1 ¶ 13. The question then becomes whether Windfeather's contacts with Florida fall within the "exceptional case" provided for in *Daimler* such that this Court should find Windfeather is subject to general jurisdiction in Florida.

If accepted as true, Windfeather has engaged in the following activity: (1) reaching out to cruise lines in Florida and establishing long-term business partnerships with them; (2) deriving the vast majority of its revenues from business with Florida-based cruise liens: (3) periodically traveling to Florida to meet with cruise line executives to maintain (and obtain new) business; (4) participating in Seatrade, a cruise industry trade show in

---

by referencing "sub-section (d)"; however, had either party's counsel engaged in proper research, they would realize there is no long-

er a "subsection (d)[,]" as this statute has since been amended.

Florida, and maintaining active membership in the Florida-based Florida Caribbean Cruise Association; (5) procuring insurance through Florida companies and maintaining Florida entities are agents of record for its insurance purposes; (6) agreeing to insure and indemnify entities in Florida; (7) signing premium financing agreements with a Florida entity, with the intent to obtain a loan to be able to pay for liability insurance premiums; and (8) signing powers of attorney and appointing attorneys-in-fact in Florida to carry out its Florida operations.

However, in his Declaration, Mr. Ballesteros contradicts each of the allegations contained within Plaintiff's Complaint as follows: Windfeather has operated at all times exclusively in Aruba (D.E. 25-1 ¶ 8); Windfeather has maintained its principal and only place of business in Aruba and has never operated outside of Aruba (Id. ¶ 10); Windfeather has never been a member of the Florida-Caribbean Cruise Association or Seatrade and has not participated in any of their meetings or conventions (Id. ¶ 14); Windfeather representatives have traveled to Florida twice to meet with cruise line representations (Id. ¶ 15); Windfeather has entered into contracts with only four cruise lines in Florida (Id. ¶ 16); Windfeather has never committed any of the acts enumerated in Florida Statutes sections 48.081, 48.181, or 48.193 (Id. ¶ 18); Windfeather has never maintained any place of business within Florida or elsewhere in the United States (Id. ¶ 19); Windfeather's business operations have always been limited to Aruba (Id. ¶ 26); Windfeather has never engaged in substantial and not isolated activities in Florida or elsewhere in the United States (Id. (Id. ¶ 28); Windfeather has never operated, conducted, engaged in, or carried on a business venture, or had an office or agency in Florida or elsewhere in the United States (Id. ¶ 29). In responding,

Plaintiff failed to offer any evidence to rebut Mr. Ballesteros' Declaration.

In failing to set forth any evidence to rebut Mr. Ballesteros, the Court finds that Plaintiff has failed to meet her burden in establishing that Windfeather is subject to general jurisdiction in Florida. See Cable/Home Comm. Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir.1990) ("When the district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendant. A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict.") (internal citations omitted). Based upon Mr. Ballesteros' Declaration, the Court does not find that Windfeather's activities amount to the level of activity that is "so substantial and of such a nature as to render [Windfeather] at home" in Florida. Daimler, 134 S.Ct. at 761 n. 19.

In Thompson v. Carnival Corporation— a case that notably has the same attorneys and similar factual allegations as this case—Judge Moore considered similar arguments and emphatically rejected the plaintiff's arguments. No. 1:15–cv–24115, 2016 WL 1242280, at *3–4 (S.D.Fla. Mar. 30, 2016). Similar to Thompson, Plaintiff has also provided a lengthy response in this case that fails to cite to Daimler and Carmouche, notwithstanding Judge Moore's admonishment that such omissions were "inexplicable and borderline malpractice." Id. at *5. The Court does not find any of Plaintiff's authorities to be persuasive in light of the fact that all of the cited cases pre-date the Supreme Court's decision in Daimler and the Eleventh Circuit's opinion in Carmouche, both of which are binding upon this Court. Based upon the foregoing, Windfeather

Charter NV's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (D.E. 25) is GRANTED, and Windfeather is DISMISSED from this action.

### B. Jurisdictional Discovery

 Similar to the plaintiff in *Thompson v. Carnival Corporation*, Plaintiff did not submit any evidence or affidavit to support the jurisdictional allegations contained within her Complaint. 2016 WL 1242280, at *7. Yet, Plaintiff insists in a conclusory manner that she is entitled to jurisdictional discovery to "test the veracity of the statements" made by Mr. Ballesteros. In responding to Windfeather's Motion to Dismiss, Plaintiff failed to respond to the substantive arguments, and instead, continued to insist that she requires the benefit of jurisdictional discovery to respond to the merits of Windfeather's Motion.

The Court does not find it necessary to provide Plaintiff with an opportunity to engage in jurisdictional discovery because there is "no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery." *Peruyero v. Airbus S.A.S.*, 83 F.Supp.3d 1283, 1290 (S.D.Fla.2014); *see also Yepez v. Regent Seven Seas Cruises*, No. 10–23920–CIV, 2011 WL 3439943, at *1 (S.D.Fla. Aug. 5, 2011) ("[T]he failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute."). As Judge Moore also found in *Thompson*, Plaintiff is precluded from pursuing jurisdictional discovery in an attempt to marshal facts that she "should have had—but did not—before coming through the courthouse doors." *Thompson*, 2016 WL 1242280, at *7 (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007)). There is no genuine dispute that Windfeather did not engage in the necessary activity such that it is rendered "at home" in the State of Florida. Accordingly, it is

ORDERED AND ADJUDGED that Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint (D.E. 18) is GRANTED. Counts I, II, III, and IV are DISMISSED WITHOUT PREJUDICE. It is further

ORDERED AND ADJUDGED that Windfeather Charter NV's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (D.E. 25) is GRANTED. Defendants, Windfeather Charters NV, Rumbaruba Tours NV, and Mi Dushi Sailing and Snorkeling Tours Dutch Caribbean are DISMISSED from this action. It is further

ORDERED AND ADJUDGED that Plaintiff SHALL re-file her Complaint, if she wishes, to correct the deficiencies addressed in this Order by **Friday, August 26, 2016**. Carnival SHALL respond to Plaintiff's Amended Complaint no later than **Friday, September 9, 2016**.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of August, 2016.