[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12284
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-00212-CV-JOF-1

TIMOTHY BARABE,

Plaintiff-Appellant,

versus

APAX PARTNERS EUROPE MANAGERS, LTD.,
JOHN SAMUEL, individually,
PAUL FITZSIMMONS, individually,
IAN JONES, individually,
MÖLNLYCKE HEALTHCARE US, LCC, and
ROBERT BENNISON, individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 26, 2009)

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

Timothy Barabe was an executive employee of Regent Medical Americas, LLC ("Regent"). In June 2004, he entered into a Service Agreement with Regent. The Service Agreement is governed by Georgia law and the parties agreed to submit to the exclusive jurisdiction of Georgia to resolve any litigation related to the Service Agreement.

In August 2005, Mölnlycke Healthcare US, LLC ("Mölnlycke") acquired Regent. Apax Partners Europe Managers, Ltd. ("Apax") is Mölnlycke's parent corporation. During the acquisition, Apax represented that it did not plan to make any particular Regent employee or group redundant. On August 31, 2005, Barabe signed a Subscription, Transfer and Investment Agreement ("the Subscription Agreement"). The Subscription Agreement sets forth the terms under which Barabe would be able to acquire Mölnlycke stock and the manner in which he would be paid for his shares in the event of his departure from the company. By its own terms, the Subscription Agreement is governed by the laws of England, and the parties agreed to submit to the exclusive jurisdiction of the English courts for any litigation related to the Subscription Agreement.

In May 2006, Mölnlycke informed Barabe that his position at the company was redundant and notified him of his termination. As a part of his separation, Barabe

was forced to sell his shares in Mölnlycke back to the company at a price lower than market value.

Following his separation, Barabe sued Mölnlycke, Apax, and several individuals who were Mölynlycke officers and directors. The Amended Complaint ("the Complaint"), filed in the Northern District of Georgia, presents eight purported claims for relief. (R.1-2 at 12-23.)

On Defendants' motions, the district court dismissed each and every claim pleaded in the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief may be granted. And, Count VI was also dismissed for improper venue. (R.2-24; R.2-53.) Barabe appeals the dismissals.

We consider de novo the district court's grant of a motion to dismiss for failure to state a claim, accepting the allegations in the Complaint as true and construing them in the light most favorable to the nonmoving party. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

We conclude that the district court's orders state a proper basis for dismissing each claim. As the district court recognized, Count I (Disregard of the Corporate Entity), Count II (Joint Venture), and Count III (Agency Relationship) do not plead independent causes of action. (R.2-24 at 6 n.1.) Count IV (Breach of Contract regarding the Service Agreement) was properly dismissed because the Complaint

3

alleges no breach of the Service Agreement other than a breach of the covenant of good faith and fair dealing. And, the Complaint predicates the alleged breach of the covenant of good faith and fair dealing on an alleged breach of the Subscription Agreement, a contract that did not exist at the time the Subscription Agreement was executed. (R.2-24 at 7.) Count V (Common Law Fraud) was properly dismissed because the Complaint does not plead fraud with particularity and, under the facts as alleged in the Complaint, Plaintiff could not plead reliance because he signed the Service Agreement before the allegedly false representations were made. (R.2-24 at 9.) Count VI (Breach of Contract regarding the Subscription Agreement) was properly dismissed for improper venue because litigation regarding the Subscription Agreement must be brought in the courts of England. (R.2-24 at 10.) Count VII (Violation of 18 U.S.C. § 1961, the Federal Racketeering Act) was properly dismissed as the Complaint does not plead facts to support its allegation that Defendants were engaged in an enterprise to commit racketeering activity. (R.2-24 at 12.) The Complaint provides no facts regarding false statements or documents made as part of an enterprise of racketeering activity. (*Id.*) And, Count VIII (Racial Discrimination in violation of 42 U.S.C. §1981) does not adequately plead facts that suggest intentional racial discrimination. (R.2-24 at 12-13.)

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.