**Paula HARDING, Plaintiff**

v.

**NCL (BAHAMAS) LTD., Defendant.**

**Civil Action No. 14–24290–Civ–Scola.**

United States District Court,
S.D. Florida.

Signed Feb. 25, 2015.

Entered Feb. 26, 2015.

Andrew L. Waks, Waks & Barnett PA, Miami, FL, for Plaintiff.

Brett Michael Berman, Norwegian Cruise Line, Miami, FL, for Defendant.

### Order Granting Motion to Dismiss

ROBERT N. SCOLA, JR., District Judge.

THIS MATTER is before the Court on NCL (Bahamas) Ltd.'s Motion to Dismiss. (ECF No. 8). For the reasons stated below, the Court grants the Motion.

## 1. Background.

NCL (Bahamas) Ltd. operates cruise ships under the name Norwegian Cruise Line. (Compl. ¶¶ 2, 6, ECF No. 1.) In November 2013, Harding boarded one of NCL's ships in New York and set sail on a honeymoon cruise. (*Id.* ¶ 7.) The very next day, after breakfast, she was walking on the ship's deck when she "was suddenly caused to slip and fall[.]" (*Id.* ¶ 9.) This lawsuit ensued, in which she alleges NCL "negligently failed to keep the deck in a dry and reasonably safe condition;" "knew or should have known that the deck was wet and ... failed to give notice[;]" and "negligently failed to close off the deck that was wet[.]" (*Id.* ¶ 10.)

## 2. Legal Standard.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir.2008). A

pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

■ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

■ Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557, 127 S.Ct. 1955. "[T]he standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir.2008).

### 3. Discussion.

■ "Federal maritime law applies to actions arising from alleged torts 'committed aboard a ship sailing in navigable waters[.]'" *Gayou v. Celebrity Cruises, Inc.*, No. 11–23359–Civ, 2012 WL 2049431, at *5 n. 1 (S.D.Fla. June 5, 2012) (Scola, J.) (citation omitted). Harding accuses NCL of negligence, alleging it "breached its duty of care" which resulted in her injuries. (Compl. ¶ 10.)

■ "Under federal maritime law, the duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, 'which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition.'" *Id.* at *5; *see also Aronson v. Celebrity Cruises, Inc.*, 30 F.Supp.3d 1379, 1392 (S.D.Fla. 2014) (Williams, J.).

In *Gayou*, this Court granted a motion to dismiss a negligence count against another cruise line. There, the plaintiff was injured in a zip-lining accident and alleged that the cruise line failed to warn him of the dangers associated with such an activity. This Court remarked that the plaintiff's claim, which was "premised on [the cruise line's] failure to warn, fail[ed] to state a claim because [the plaintiff] has not alleged any *facts* from which it may be inferred that Celebrity either knew or should have known of any dangerous or unsafe condition associated with the zip-lining excursion." *Gayou*, 2012 WL 2049431 at *5 (emphasis in original).

■ Harding alleges that NCL failed to keep its deck dry, failed to close off the wet deck, and failed to give notice of the slippery conditions. (Compl. ¶ 10.) Yet, like the plaintiff in *Gayou*, she does not

allege a single fact from which it can be inferred that NCL knew or should have known of the dangerous conditions contributing to her fall. How did NCL know, or why should it have known, of those conditions? For how long was NCL on notice? Such facts are "a prerequisite to imposing liability[.]" *Gayou*, 2012 WL 2049431 at *5. Without them, Harding does not adequately plead a duty which could have been breached. Her argument that she "properly alleged that the Defendant had notice, either active or constructive, of a dangerous condition," (Resp. to Mot. to Dismiss, 2), is unpersuasive because her allegation that "NCL knew or should have known that the deck was wet[,]" (Compl. ¶ 10), is bereft of supporting facts. Again, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Without supporting facts, Harding's allegations are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" Rule 8 seeks to avoid. *Id.*

### 4. Conclusion.

For the foregoing reasons, the Court **grants** Defendant's Motion to Dismiss, (ECF No. 8), without prejudice. Harding's amended complaint is due **March 11, 2015.**